**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ZACCHAUES CRAWFORD,

        Petitioner,

vs.   Case No.:   3:13-cv-719-J-34MCR
                                                    3:11-cr-213-J-34MCR

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Zacchaeus Crawford's "Objections to the Magistrate's Report and Request for De Novo Review by the District Court." (Doc. 26, Objections). Crawford seems to object to the Magistrate Judge's order of January 14, 2016 (Doc. 20), which denied Crawford's second motion to expand the record (Doc. 17), as well as the Magistrate Judge's order of February 25, 2016 (Doc. 25), which denied Crawford's motion for reconsideration (Doc. 23). Crawford sought to expand the record with affidavits from three family members, all of which were signed and executed in November 2015. (See Doc. 17, Ex. 1, Ex. 2, Ex. 3). The affidavits purport to describe the conduct of law enforcement on the day agents executed a search warrant at Crawford's home, which led to the seizure of computers containing hundreds of images and videos of child pornography. Although Crawford waived the right to challenge the manner in which police obtained the evidence against him (Crim. Doc. 32, Plea Transcript at 7-8), and although Crawford insisted at his sentencing hearing that he "freely" cooperated with law enforcement (Crim. Doc. 29, Sentencing Transcript at 30), Crawford now attempts to

submit affidavits describing police officers as "raid[ing]" his house in the early morning, "screaming" and "thrusting guns" to intimidate the residents, and aiming guns at a baby lying in a crib. (E.g., Doc. 17, Ex. 1).

The Magistrate Judge's January 14, 2016, and February 25, 2016, orders do not dispose of any claims or defenses. See Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). As such, to prevail in his Objection, Crawford must establish that the conclusions to which he objects in the Order are clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see also Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981);[1] Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs., 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000); Williams v. Wright, No. 3:09-cv-55, 2009 WL 4891825, at *1 (S.D. Ga. Dec. 16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider… objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'") (quoting Fed. R. Civ. P. 72(a)).[2] "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations and quotations omitted); see also Weeks v. Samsung Heavy Indus. Co., Ltd.,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] "Although an unpublished opinion is not binding…, it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill Dev., LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002)); see also Pigott v. Sanibel Dev., LLC, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); Schaaf v. SmithKline Beecham Corp., Civil Action No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[3] Moreover, a magistrate judge is afforded broad discretion in issuing non-dispositive pretrial orders related to discovery such as the December 7, 2015 Order. See Tracy P. v. Sarasota Cnty., No. 8:05-CV-927-T-26EAJ, 2007 WL 1364381, at *2 (M.D. Fla. May 9, 2007); see

---

[3] The Court notes some authority that the contrary to law standard invites plenary review of a magistrate judge's legal conclusions. See e.g., Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc., 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999); Computer Econ., Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999). In this Circuit, however, the contrary to law standard has been distinguished as more deferential than de novo review. See Merritt, 649 F.2d at 1016-17 ("[A] magistrate['s non-dispositive discovery orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations.") Nonetheless, even to the extent the contrary to law standard may invite some level of plenary review, it is evident that because a magistrate judge is afforded broad discretion as to discovery matters, reversal as to a magistrate's resolution of a discovery dispute is appropriate only where that discretion is abused. See Tracy P. v. Sarasota County, No. 8:05-CV-927-T-27EAJ, 2007 WL 1364381, at * 2 (M.D. Fla. May 9, 2007) ("Magistrate judges are afforded broad discretion in the resolution of nondispositive discovery disputes. The magistrate's determination will therefore be overturned only if the magistrate judge abused her discretion or the decision is clearly erroneous."); Botta, 475 F. Supp. 2d at 185; Doe v. Hartford Life and Accident Ins. Co., 237 F.R.D. 545, 547-48 (D. N. J. 2006); Doe v. Marsh, 899 F. Supp. 933, 934 (N.D.N.Y. 1995); see also 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 3069 (2d ed. 1997) ("Regarding legal issues, the language 'contrary to law' appears to invite plenary review. But many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis.").

also Rule 6.01(c)(18), Local Rules, United States District Court, Middle District of Florida (Local Rule authorizing magistrate judges to supervise and determine pretrial proceedings and motions in civil cases, including discovery motions).

After thorough review of the Magistrate Judge's January 14, 2016, and February 25, 2016, orders, Crawford's Objections, and the relevant records, the Court finds that the Magistrate Judge's orders were neither clearly erroneous nor contrary to law. Rule 7 of the Rules Governing Section 2255 Proceedings allows a party to expand the record with "letters predating the filing of the motion," Rule 7(b), Fed. R. § 2255 Proceedings, but the instant letters clearly post-date the filing of Crawford's Motion to Vacate. To the extent the letters are affidavits under Rule 7(b), the Magistrate Judge did not clearly err in determining that Crawford failed to explain how these affidavits were relevant to the Motion to Vacate. Therefore, the Court does not find that the Magistrate Judge clearly erred or rendered a decision that was contrary to law.

Accordingly, it is hereby

**ORDERED:**

Petitioner Zacchaeus Crawford's "Objections to the Magistrate's Report and Request for De Novo Review by the District Court" (Doc. 26, Objections) are **OVERRULED**.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of July, 2016.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:

Pro se petitioner
Counsel of record